Ingraham, P. J.
A writ of habeas corpus was .allowed in this case and a return is made that the prisoner is held by virtue of a commitment from the special sessions on a conviction before that court. The conviction and commitment appear to be valid, and where that is the case, it is the duty of the magistrate to remand, the prisoner.
It is urged that no record of conviction has been filed in the county clerk’s office, and therefore the prisoner should be dis-' charged. No such fact appears before me, and even if it. did, it is hardly a proper inquiry on habeas corpus, where the statute has made it the duty of the magistrate not to extend his inquiry behind the commitment.
Besides, the necessity of filing the record of conviction on trials before the' special sessions has ceased. The act of 1858 (Laws of 1858, ch. 441, 282, § 5), provides that transcript of convictions shall not be required to be filed, but makes a certified copy by the clerk of the court of special sessions evidence.
A similar provision may be found in the act of 1830, ch. 42.
*245 There are cases where convictions take place before other officers than these holding the special sessions where it is necessary that a record of conviction should be filed. Such, for instance, as that provided for by the 3d section of the act of 1833, ch. 11, where it is to be filed with the clerk of the court of sessions. This, however, does not apply to the court of special sessions.
The prisoner should be remanded.